IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADEMAKER, | No. C 10-1659 LHK (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT |
| vs. | |
| A. HEDGEPETH, et al., | |
| Defendants. | (Docket No. 19) |

Plaintiff David Rademaker, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"). Defendants have moved to dismiss several of Plaintiff's claims for failure to exhaust administrative remedies, and moved for summary judgment. Plaintiff has opposed Defendants' motion, and Defendants have filed a reply. Having carefully considered the papers submitted, the Court hereby GRANTS Defendants' motion to dismiss and for summary judgment, for the reasons set out below.

## **BACKGROUND**[1]

On March 22, 2009, Plaintiff slipped and fell in the shower at SVSP. (Compl. at ¶ 12.) The showers were not equipped with hand-rails or shower mats. (*Id.* at ¶ 13.) Plaintiff sustained injuries to his back, and was transported to Natividad Medical Center ("NMC"). (*Id.* at ¶¶ 13,

---

[1] The following facts are undisputed unless otherwise indicated.

Order Granting Defendants' Motion to Dismiss and For Summary Judgment
P:\PRO-SE\SJ.LHK\CR.10\Rademaker659mtdmsj.wpd

15.)

On March 29, 2009, after returning from NMC, Plaintiff filed an inmate grievance -- SVSP 09-1269 -- requesting shower mats in the shower area at SVSP, and requesting further medical treatment for his pain. (Compl. at ¶ 16 and Ex. A at 27.)[2] Specifically, he grieved, "Fell in shower (no matts) Severely injure back, no pain medication just two day lay-in  Very hard to walk, stand, sleep, went to outside hospital day of injury 3-22-9 (Nativadad Hospital)  Leaking urine.  Pain is on scale 1-10 is a 8." (Compl., Ex. A at 27.) (Errors in original.) He requested, "Need to see a back doctor asap.  Need walker or cane to help me get around  Need some sort of medication for pain and leaking urine." (*Id.*) (Errors in original.)

On March 30, 2009, Registered Nurse Tyler authorized Plaintiff to have a cane, and prescribed him Tylenol. (Compl. Ex. A at 29; Decl. Grigg at 3.)  Nurse Tyler requested an MRI on Plaintiff's behalf, and later discussed the MRI findings with Plaintiff. (Decl. Leichliter ("Pl. Depo.") at 23-24.)[3]  The MRI findings indicated, in part, that Plaintiff had a chronic congenital condition that pre-dated the March 22, 2009 fall in the shower. (*Id.* at 25.)

On April 21, 2009, Plaintiff's grievance was converted from a 602 to an 1824, the form used for an American with Disabilities Act ("ADA") reasonable modification or accommodation request. (Compl., Ex. A at 27, 30.)  On April 28, 2009, Defendant Nurse Fox interviewed and examined Plaintiff as part of his administrative appeal. (Compl. at ¶ 17 and Ex. A at 29; Pl. Depo. at 35-36.)  Plaintiff recalls that the examination was painful. (Pl. Depo. at 37, 39.)  In Plaintiff's grievance, he requested a referral to a back doctor, and was informed that referrals would be provided at the discretion of his primary care physician, subject to the condition of medical necessity. (Compl., Ex. A at 29.)  The response advised Plaintiff to raise any other medical concerns with his primary care physician by filing a CDCR 7362 ("Health Care Services

---

[2] The page numbers corresponding to Plaintiff's exhibits are cited as generated on ECF.

[3] Contrary to Plaintiff's assertion in his opposition, his deposition testimony is admissible because it was under oath.  Whether he signed the deposition or not does not affect its admissibility.  *See Sunset Bay Assocs. v. Eureka Fed. Sav. and Loan Assoc.*, 944 F.2d 1503, 1509-10 (9th Cir. 1991).

1  Request Form"). (*Id.*) The administrative appeal response also informed Plaintiff that the
2  shower mats had been ordered and would be provided when received by the institution. (*Id.*)
3        On April 29, 2009, Defendant Dr. Kachare became Plaintiff's primary care physician.
4  (Compl. at ¶ 19.) Kachare examined Plaintiff, ordered medical testing, and concluded that
5  Plaintiff suffered significant injury to his lower back. (*Id.* at ¶ 20.) Dr. Kachare directed
6  Plaintiff to continue to maintain mobility with the provided cane, and changed Plaintiff's
7  medication from Tylenol to Tylenol #3, as requested by Plaintiff. (Compl., Ex. A at 29.)
8        On June 14, 2009, Plaintiff filed an appeal at the second level of review. (Compl., Ex. A
9  at 27.) His full appeal states, "I'm dissatisfied with the lower level staff response. Please
10 provide me with a first level reviewer action in writting. Please remember to interview me."
11 (*Id.*) (Errors in original.) On July 7, 2009, the second level of review response indicated that all
12 of Plaintiff's concerns had been addressed. (Compl., Ex. A at 31-32.) Further, during his
13 interview for the second level appeal, Plaintiff acknowledged that, aside from the shower mats
14 not having been installed yet, his appeal issues had been addressed. (*Id.* at 32.) Plaintiff was
15 reminded "that any remaining issues regarding his medical management or pain meds must
16 continue to be presented and addressed with his attending [primary care physician]" through the
17 submission of a Health Care Services Request Form. (*Id.*)
18       Thereafter, Plaintiff filed an appeal at the Director's level of review. His appeal states,
19 "I'm dissatisfied with the Warden level reviewer action  Please give me a dirtor [sic] level
20 review. Why don't these 602 come with stamp envelope on them? Why isn't there some way to
21 fax this letter to the director level?" (Compl., Ex. A at 28.) On July 19, 2009, Nurse Fox
22 conducted another medical exam on Plaintiff to address and clarify his issues on appeal.
23 (Compl. at ¶ 17 and Ex. A at 25; Pl. Depo. at 35-36.) Plaintiff complained of back pain, leaking
24 urine, and sharp pains going down to his ankle or foot when walking. (Pl. Depo. at 34.)
25       On August 27, 2009, the response at the Director's level of review denied Plaintiff's
26 appeal. (Compl., Ex. A at 25-26.) The response indicated that Plaintiff stated a general
27 dissatisfaction with the previous appeal. (*Id.* at 25.) The response reviewed that Plaintiff's
28 medication had been upgraded; shower mats had been ordered; Plaintiff was given limitations on

extended standing; and Plaintiff had access to the ADA shower chair and a cane as interim accommodations for his injuries. (*Id.* at 25-26.) Plaintiff was reminded to bring any other medical concerns to the attention of his primary care physician. (*Id.* at 26.)

On April 5, 2010, Plaintiff filed the underlying civil rights complaint, alleging that Defendants Nurse Fox, Dr. Mack, Dr. Kachare, Warden Hedgepeth, and Registered Nurse Tyler were deliberately indifferent to both his safety and medical needs, in violation of the Eighth Amendment. Specifically, he complains that Defendants failed to provide a shower mat, and failed to treat his back injury.

## MOTION TO DISMISS FOR FAILURE TO EXHAUST

### I.   Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, Defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119–20. If the Court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Id.* at 215–17. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. *Brown v. Valoff*, 422 F.3d 926, 936–37 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation ("CDCR") provides its

inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 ("602") and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee ("Director's level"). Cal. Code Regs. tit. 15, § 3084.5; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009). This satisfies the administrative remedies exhaustion requirement under Section 1997e(a).

In addition, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. In California, the regulation requires the prisoner "to lodge his administrative complaint on CDC form 602 and 'to describe the problem and action requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code Regs. tit. 15 § 3084.2(a)). In light of the absence of any mention in the California regulation about the requisite level of factual specificity, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)); *see, e.g.*, *Morton*, 599 F.3d at 946 (concluding that grievance that complained of visitation restrictions, and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault).

II.    Analysis

Defendants argue that Plaintiff failed to exhaust some of his administrative remedies because his appeal did not put prison officials on notice of his claims. The parties agree that

1  Plaintiff filed only one inmate appeal -- SVSP 09-1269 -- relevant to the underlying claims, and
2  upon which he received a Director's level decision.  However, Plaintiff believes that SVSP 09-
3  1269 exhausted his federal claims.  (Compl. at 2; Opp. at 1.)  Defendants concede that Plaintiff
4  properly exhausted his claim that they were deliberately indifferent to his safety needs by not
5  timely installing shower mats.  (Mot. at 1.)  They argue, however, that Plaintiff failed to exhaust
6  his remaining claims.

7      As an initial matter, it is helpful to specify the claims Plaintiff has alleged at different
8  stages in this action.  In his complaint, Plaintiff alleges the following claims related to the slip
9  and fall incident:  Nurse Fox was not authorized to conduct any medical exam or treatment
10 (Compl. at ¶¶ 17-18; Pl. Depo. at 37-40); Nurse Fox prevented him from obtaining medical
11 treatment and care from a medical doctor (Compl. at ¶¶ 9, 26); Nurse Fox was deliberately
12 indifferent to his safety when she knew that no shower mats were installed, and failed to correct
13 that deficiency (Compl. at ¶ 29); Dr. Mack personally denied Plaintiff's right to medical
14 treatment after seeing Plaintiff's injuries on his lower back (Compl. at ¶ 27); Dr. Kachare denied
15 his right to medical treatment (Compl. at ¶¶ 10, 28); Warden Hedgepeth was deliberately
16 indifferent when he learned of Plaintiff's slip and fall and failed to correct the lack of shower
17 mats (Compl. at ¶ 30); and Nurse Practitioner Tyler failed to provide medical testing and further
18 medical treatment to Plaintiff's lower back (Compl. at ¶ 31).

19     In contrast, Plaintiff's initial grievance, liberally construed, alleged the shower lacked
20 mats; stated that he injured his back because he fell in the shower; and requested that he see a
21 back doctor, receive assistance mobility such as a walker or cane, and receive medication for his
22 pain and leaking urine.  (Compl., Ex. A at 27.)  The prison responded by ordering shower mats,
23 giving Plaintiff a temporary cane, prescribing him pain medication, and directing him to address
24 his remaining medical concerns with his primary care physician.  In his each appeal to further
25 levels of review, Plaintiff did not expand or explain his dissatisfaction with the results of the
26 prior appeals.

27     Administrative remedies are not exhausted where the grievance, liberally construed, does
28 not have the same subject and same request for relief.  *See generally O'Guinn v. Lovelock*

Order Granting Defendants' Motion to Dismiss and For Summary Judgment
P:\PRO-SE\SJ.LHK\CR.10\Rademaker659mtdmsj.wpd    6

*Correctional Center*, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (concluding that with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act). With the exception of the claim regarding the lack of shower mats, none of the asserted claims in Plaintiff's federal complaint are exhausted.  *See Griffin*, 557 F.3d at 1120.

        The allegations and requests in Plaintiff's grievance do not encompass most of the claims stated in Plaintiff's federal complaint.  A comparison of Plaintiff's complaint and SVSP 09-1269 reveals that, at most, Plaintiff's initial grievance put prison officials on notice that there was a lack of shower mats that contributed to Plaintiff's falling down in the shower, and Plaintiff requested a referral to a back doctor, assistance mobility, and medication for his pain and leaking urine.[4]  Accordingly, all of Plaintiff's claims except the allegation that Defendants were deliberately indifferent to his safety needs by failing to timely install shower mats are DISMISSED as unexhausted.

        Alternatively, in his deposition, Plaintiff explained that the claims in his federal complaint were specifically about the delay in installing shower mats, the failure to install enough shower mats (Pl. Depo. at 46-47, 50-51), the discontinuation of physical therapy (*id.* at 67, 78-81, 83), his desire to see a back specialist (*id.* at 74), and the denial of effective pain medication (*id.* at 57-61).  Even assuming that these claims were properly included in his complaint, albeit inartfully, except for the claim regarding the lack of shower mats, they are unexhausted for the reasons stated below.

        Regarding Plaintiff's claim that the installed shower mats were inadequate because there were not enough installed, Plaintiff's March 22, 2009 grievance only stated "no matts."  At most, this can be inferred to mean that he was requesting shower mats be installed in the showers.  Plaintiff concedes, however, that he did not file a 602 to indicate that the installed mats were

---

[4] A review of Plaintiff's deposition transcript reveals that he did not intend to pursue the initially grieved claims of medication for his incontinence, and assistance with mobility.  Nor does he specifically mention those issues in his complaint or opposition.  Accordingly, those claims are not before this Court.

Order Granting Defendants' Motion to Dismiss and For Summary Judgment
P:\PRO-SE\SJ.LHK\CR.10\Rademaker659mtdmsj.wpd    7

inadequate. (Pl. Depo. at 55.) This is a valid ground for dismissal. *Wyatt*, 315 F.3d at 1120.

Plaintiff asserts, however, that his federal claim regarding Defendants' failure to install a sufficient number of shower mats was exhausted. He argues that he raised that issue in his administrative appeal by indicating his dissatisfaction with the initial appeal response and appealing to the second level of review. (Pl. Depo. at 54.) The Court is not persuaded. The question is whether Plaintiff's appeal, which merely indicated his general dissatisfaction with the initial appeal response, put Defendants on notice that he was complaining about an insufficient number of mats installed.

Instructive to the determination of whether this claim was exhausted is *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009). In *Griffin*, the prisoner grieved that he was taking prescription drugs that impaired his vision and depth perception and thus had difficulty accessing upper bunks. *Id.* at 1118-19. The prisoner filed an administrative appeal in which he requested a ladder or other means of assisting him to reach the upper bunk without injuring himself. *Id.* at 1118. The prison responded by assigning the prisoner to a lower bunk. *Id.* at 1118-19. Thereafter, the appeal response determined that the prisoner's appeal was resolved with the lower bunk assignment. *Id.* at 1119. For some undisclosed reason, prison officials disregarded the lower bunk assignment. *Id.* The prisoner continued to administratively appeal his claim that he needed assistance reaching the upper bunk, but did not state in his appeal that the lower bunk assignment had been disregarded. *Id.* The appeal responses continued to conclude that the lower bunk assignment resolved his claim. *Id.* The Ninth Circuit determined that the prisoner failed to exhaust his claim that prison officials were deliberately indifferent to his safety because his grievance did not "provide enough information . . . to allow prison officials to take appropriate responsive measures.") *Id.* at 1121 (internal quotation marks omitted).

Similarly here, Plaintiff complained in his administrative appeal that he fell and injured himself because there was a lack of shower mats. The prison responded by ordering shower mats. Plaintiff continued to appeal his administrative remedies because he was dissatisfied with the number of shower mats that were subsequently installed. However, he failed to alert prison officials that his issue was no longer with the lack of mats entirely, but rather, that more mats

should be installed. Thus, Plaintiff's claim that the installed shower mats were inadequate because there were not enough installed is unexhausted because his grievance was insufficient to put prison officials on notice of the true nature of the wrong that he wished to be addressed. *See id.*

Regarding Plaintiff's claim that he wished to continue physical therapy -- which he received only after he sustained his fall in the shower -- Plaintiff concedes that he did not grieve this claim. (Pl. Depo. at 67.) Accordingly, it is unexhausted. *Wyatt*, 315 F.3d at 1120. Further, Plaintiff's grievance would not have put prison officials on notice that he wished to continue physical therapy. *Griffin*, 557 F.3d at 1120-21.

Regarding Plaintiff's claims that he wanted to see a back specialist, and he needed pain medication, these claims are unexhausted. Plaintiff was instructed at each level of appeal that his requests to be referred to a back specialist, or to receive other unresolved medical treatment should be addressed with his primary care physician through a submission of a Health Care Services Request Form. (Compl., Ex. A at 29, 32.) Plaintiff does not assert, nor is there any indication, that he filed a Health Care Services Request Form as suggested.[5]

The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. *Brown*, 422 F.3d at 934-35. For example, in *Sapp v. Kimbrell*, 623 F.3d 813 (9th Cir. 2010), the Ninth Circuit discussed potential exceptions to the exhaustion requirement. In that case, the prisoner grieved about an eye injury, but the grievance was dismissed as untimely. *Id.* at 826. The administrative appeal response suggested, however, that if he were seeking current treatment for his eye injury, he should submit a Health Care Services Request Form to the clinic. *Id.* The prisoner did not do so, but instead, filed a federal civil rights complaint. In federal court, the prisoner alleged that administrative remedies were unavailable and he should be excused from exhaustion. *Id.* at 821-22. The Ninth Circuit determined that the prisoner should have followed prison officials'

---

[5] In addition, the Court notes that the second level reviewer response indicated that Plaintiff stated all of his issues had been resolved on appeal except the untimely installation of the shower mats. (Compl., Ex. A at 32.)

1 directions to file a Health Care Services Request Form, and, if he was not satisfied with the
2 response, he should have then filed a grievance "and appended the form showing that he had
3 requested the care in accordance with prison procedures." *Id.* at 827.  After that, he could have
4 pursued exhaustion through the appeals process. *Id.*

5 Similarly here, Plaintiff should have followed prison procedures, as directed by the
6 responses to his administrative appeals, by requesting a referral to a back specialist and different
7 pain medication by filing a Health Care Request Services Form, discussing these requests with
8 his primary care physician, and then, if he was dissatisfied with the response, filing an
9 administrative grievance.  Because Plaintiff did not follow these prison procedures,
10 administrative remedies were still available within the meaning of the PLRA, and Plaintiff failed
11 to exhaust these claims.

12 Accordingly, except as to plaintiff's claim that Defendants were deliberately indifferent
13 to his safety needs by delaying the installation of the shower mats, plaintiff's claims are
14 unexhausted.  Therefore, Defendants' motion to dismiss is GRANTED, and Plaintiff's
15 unexhausted claims are DISMISSED without prejudice.

16 **MOTION FOR SUMMARY JUDGMENT**

17 I.     <u>Legal Standard</u>

18 Summary judgment is proper where the pleadings, discovery and affidavits demonstrate
19 that there is "no genuine issue as to any material fact and that the moving party is entitled to
20 judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect
21 the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute
22 as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a
23 verdict for the nonmoving party. *Id.*

24 The party moving for summary judgment bears the initial burden of identifying those
25 portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine
26 issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  Where the moving
27 party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no
28 reasonable trier of fact could find other than for the moving party.  But on an issue for which the

1  opposing party will have the burden of proof at trial, the moving party need only point out "that
2  there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.
3      Once the moving party meets its initial burden, the nonmoving party must go beyond the
4  pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a
5  genuine issue for trial." Fed. R. Civ. P. 56(e).  The Court is only concerned with disputes over
6  material facts and "factual disputes that are irrelevant or unnecessary will not be counted."
7  *Anderson*, 477 U.S. at 248.  It is not the task of the Court to scour the record in search of a
8  genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The
9  nonmoving party has the burden of identifying, with reasonable particularity, the evidence that
10 precludes summary judgment. *Id.*  If the nonmoving party fails to make this showing, "the
11 moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.
12 II.     Analysis
13      Plaintiff claims that Defendants were deliberately indifferent to his safety needs in
14 violation of the Eighth Amendment.  Specifically, he complains that the shower mats were not
15 installed in a timely manner.  Plaintiff also claims that Defendants were deliberately indifferent
16 to his medical needs.  However, as discussed above, those claims are unexhausted.[6]
17      The Eighth Amendment requires that prison officials take reasonable measures to
18 guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The failure of
19 prison officials to protect inmates from harm caused by other inmates or by dangerous conditions
20 at the jail violates the Eighth Amendment only when two requirements are met: (1) the
21 deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,
22 subjectively, deliberately indifferent to inmate safety. *Id.* at 834.  Neither negligence nor gross
23 negligence will constitute deliberate indifference. *Id.* at 835-36 & n.4.  The deliberate

---

[6] Alternatively, even assuming that Plaintiff exhausted his allegation that Defendants were deliberately indifferent to his medical needs, Plaintiff fails to offer any evidence that the medical treatment he received was medically unacceptable under the circumstances, or that Defendants chose that course of action in conscious disregard of an excessive risk to Plaintiff's health. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  Plaintiff's medical claims, even if exhausted, therefore, would not survive summary judgment.

Order Granting Defendants' Motion to Dismiss and For Summary Judgment
P:\PRO-SE\SJ.LHK\CR.10\Rademaker659mtdmsj.wpd   11

1  indifference standard is the same as the standard for criminal recklessness is met, i.e., the official
2  knows of and disregards an excessive risk to inmate health or safety. *Id.* at 837. The official
3  must both be aware of facts from which the inference could be drawn that a substantial risk of
4  serious harm exists, and he must also actually draw the inference. *Id.* However, an Eighth
5  Amendment claimant need not show that a prison official acted or failed to act believing that
6  harm actually would befall an inmate; it is enough that the official acted or failed to act despite
7  his knowledge of a substantial risk of serious harm. *Id.* at 842. This is a question of fact. *Id.*

8  Plaintiff argues that Warden Hedgpeth should have known that the lack of shower mats
9  was a safety issue. (Compl. at ¶ 7.) Even if that was true, as explained in *Farmer*, "an official's
10 failure to alleviate a risk of harm that he should have perceived but did not" does not amount to
11 deliberate indifference. *Farmer*, 511 U.S. at 837-38, 844. Defendants were obligated simply "to
12 act reasonably when on notice of a substantial risk of serious harm." *Id.* at 837. There is an
13 absence of evidence demonstrating that, prior to Plaintiff's fall in the shower, Defendants knew
14 that safety was an issue without the shower mats. Moreover, there is an absence of evidence that
15 Defendants knew that the delay in installing shower mats was dangerous to Plaintiff's safety. In
16 addition, to ensure Plaintiff's safety between the time of his fall and the time of installation of
17 the mats, Plaintiff was provided with interim accommodations in the form of an "ADA shower
18 equipped with a bench/seat and grab bars for stability." (Compl., Ex. A at 25.) In any event,
19 after Plaintiff complained about the lack of shower mats, Defendants reasonably took action by
20 ordering shower mats for installation. Plaintiff concedes that one and a half shower mats were
21 installed "a few months" after Plaintiff's fall. (Pl. Depo. at 53-54.) Although Plaintiff continued
22 to file administrative appeals, knowing that the shower mats had been ordered, Defendants
23 reasonably concluded that further action was not necessary at the time.

24 In sum, there is no evidence that Defendants had knowledge, before or after the shower
25 mats had been ordered and Plaintiff was given interim accommodations, that the lack of installed
26 shower mats was hazardous. Nor does the undisputed evidence allow an inference that
27 Defendants' response to Plaintiff's complaints was unreasonable. As a result, there is no
28 genuine issue of material fact as to whether Defendants acted with deliberate indifference to

Order Granting Defendants' Motion to Dismiss and For Summary Judgment
P:\PRO-SE\SJ.LHK\CR.10\Rademaker659mtdmsj.wpd   12

Plaintiff's safety. Defendants are entitled to judgment as a matter of law.

In addition to the absence of a genuine issue of material fact that Defendants were deliberately indifferent, there is no competent evidence that the back pain Plaintiff claims to have suffered from the fall in the shower was proximately caused by the lack of shower mats and subsequent fall. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if a plaintiff can show that a defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). To defeat summary judgment, sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Id.*

Plaintiff claims that Defendants' failure to install shower mats caused him to fall and severely injure his back, resulting in significant and lasting pain. This claim hinges on proving that the pain in his back resulted from his falling in the shower due to the lack of a shower mat. The medical records from NMC indicated that, based on the March 22, 2009 fall, Plaintiff suffered a bruise with swelling and some bleeding under the skin. (Compl., Ex. A at 21.) Plaintiff was told that it would be normal to feel muscle stiffness and aching in the area of injury, and it would take a few days to a few weeks to heal. (*Id.*) However, the undisputed evidence shows that Plaintiff's back pains pre-existed his fall in the shower. Plaintiff had previously been diagnosed with a chronic back issue due to a birth defect on his spine. (Pl. Depo. at 17.) The undisputed evidence demonstrates that Plaintiff received medical treatment concerning pain management for his back issues prior to his fall in the shower. For example, in December 2008, Plaintiff complained of an intermittent, dull and numbing ache that radiated down to his right foot. (Decl. Grigg at 33.) Plaintiff stated that the pain was worse in the morning when he first gets up, and that ambulation worsened the pain. (*Id.*) At that time, Plaintiff was on three different medications for his pain. (*Id.*) One month prior to his fall, in February 2009, Plaintiff requested to see a doctor because he had a history of back pain, and he was complaining of insufficient pain control when he stopped receiving tramadol. (Decl. Grigg at 32.) Thus, Plaintiff's statements that he hurt his back when he fell in the shower, even if true, do not establish that the cause of Plaintiff's back pain was due to the failure to install shower mats. In

1  the absence of evidence indicating that Plaintiff's back pains were caused by the fall in the
2  shower as a result of the lack of shower mats, Plaintiff's assertion is merely speculation or
3  conjecture, and there is no genuine issue of material fact that Defendants proximately caused
4  Plaintiff to suffer the harm he alleges.

## CONCLUSION

Defendants' motion to dismiss and for summary judgment is GRANTED.  Judgment shall be entered in favor of Defendants.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  8/30/11

_____
LUCY H. KOH
United States District Judge